# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50443/50444

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DAVID MIKEL SCOTT,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 4, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order revoking probation, <u>affirmed</u>; judgment of conviction and sentence, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

    In Docket No. 50443, David Mikel Scott pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified sentence of five years with one year determinate and retained jurisdiction. Following completion of the period of retained jurisdiction, the district court suspended the sentence and placed Scott on probation for a period of five years. Subsequently, Scott admitted to violating the terms of the probation, and the district court consequently revoked probation and placed Scott on a second period of retained jurisdiction.

1

After successfully completing the second period of retained jurisdiction, the district court placed him on probation.

While on probation, Scott pled guilty to burglary (Docket No. 50444) and admitted to violating his probation. The district court revoked Scott's probation, executed the previously imposed sentence of five years with one year determinate with credit for time served, and imposed a concurrent unified sentence of ten years with five years determinate for burglary. On appeal, Scott challenges the district court's decision to revoke probation and execute his underlying sentence for possession of a controlled substance (Docket No. 50443) and impose an excessive sentence without retaining jurisdiction (Docket No. 50444).

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565,

2

567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation or by imposing sentence without retaining jurisdiction. Therefore, the order revoking probation and the judgment of conviction and sentence are affirmed.